**UNITED STATES of America,
Plaintiff,**

v.

**Gordon Vincent EASTMAN et al.,
Defendants.**

**Crim. No. 14748.**

United States District Court,
M. D. Pennsylvania.

May 27, 1971.

S. John Cottone, Laurence M. Kelly, U. S. Attys., Scranton, Pa., for plaintiff.

George J. Bellantoni, Bellantoni & Gavin, White Plains, N. Y., for defendants.

## OPINION

MUIR, District Judge.

The defendant Hueston, also known as Tony DeJest, has been indicted for the unlawful manufacture of drugs in violation of 21 U.S.C. § 331(q) (1). He has moved to suppress the contents of intercepted telephonic communications and evidence derived therefrom. The motion will be granted.

On June 2, 1969, upon application of the District Attorney of Rockland County, New York, a judge of that county issued an order authorizing the interception of the defendant's telephone communications over a given telephone number. The judge concluded his order with the statement " * * * notice to the said Tony DeJest * * * is hereby expressly waived." The telephone line was tapped during June and July, 1969, pursuant thereto.

The United States Attorney has given notice to the defendant that he intends to use evidence derived from the wiretap in the defendant's forthcoming trial.

It is admitted that the issuing judge never caused to be served on the defendant the inventory, including notice, as required by 18 U.S.C. § 2518(8) (d) and he never postponed the service thereof as he might have done under that section. The order indicates that the issuing judge intentionally eliminated the service of the inventory and notice.

The government takes the position that the failure to serve the inventory and notice is not fatal. My view is otherwise.

■ Any electronic surveillance of telephone communications is an invasion of the right of privacy. Such an invasion by law enforcement officers in the performance of their duty is to be tolerated only in strict conformity with the Constitution and applicable statutes. To permit law enforcement agents to violate the law in the apprehension of criminals would be anamolous.

The provision for service on the defendant of an inventory and notice within ninety days of the wiretap is not meaningless. It eliminates, insofar as practicable, the possiblity of completely secret electronic eavesdropping and grants to the person involved an opportunity to seek redress for an abusive interception either by a civil action for damages or by a suppression of the evidence in a criminal case. The provision for service of the inventory and notice is an absolutely necessary link in the chain of protective measures built into the statute. "Standards Relating to Electronic Surveillance", American Bar Association Project on Minimum Standards for Criminal Justice, Tentative Draft of June, 1968, Comment at page 162, final draft adopted A.B.A. House of Delegates, February 8, 1971.

In Berger v. New York, 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967), the Supreme Court struck down a New York wiretapping statute because it did not contain, inter alia, a requirement of notice to the person whose wire had been tapped. In passing, I note that the New York statute in effect at the time of the wiretap in this case, obviously enacted in response to *Berger*, requires notice to the defendant within ninety days of the termination of the tap, unless a postponement for a reasonable period of time is ordered. New York Code of Criminal Procedure, § 823, effective June 5, 1968.

■ In my view, the failure to serve the requisite inventory and notice vitiates the wiretap and precludes the use of evidence derived therefrom.

The Defendant's other arguments for suppression of the evidence are without merit.