**UNITED STATES of America**
**v.**
**Joseph RIPKA et al.**
**Crim. No. 70-456.**

United States District Court,
E. D. Pennsylvania.

Oct. 10, 1972.

George F. Kelly, U. S. Dept. of Justice, Philadelphia, Pa., for plaintiff.

Donald J. Goldberg, Leonard Sarner, Michael A. Marolla, Edward A. Savastio, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

MASTERSON, District Judge.

The above-named defendants are charged with illegal use of interstate telephone facilities to conduct gambling operations.[1] A significant part of the Government's evidence consists of recordings of conversations through wiretaps installed on two New Jersey telephones in 1969, pursuant to several orders entered by Judge Frank J. Kingfield of the Superior Court of New Jersey. Defendants[2] have moved to suppress this wiretap evidence on several grounds ranging from the unconstitutionality of the applicable wiretap statutes[3] to the insufficiency of the applications and orders authorizing the taps, and nonconformity to the orders themselves.

The constitutional bases for suppressing the evidence secured by wiretap were recently discussed by Chief Judge Lord in United States of America v. Whitaker et al., 343 F.Supp. 358 (E.D.Pa., filed May 31, 1972). However, we have decided not to suppress the evidence on this basis while that decision is being tested on appeal.

The first non-constitutional contention is based on the fact that none of the defendants who are moving to suppress the wiretap evidence were provided with an inventory in connection with Judge Kingfield's orders.[4] However, we find the reliance on the recently decided case of United States of America v. Eastman, 465 F.2d 1057 (3rd Cir. filed August 8, 1972), to be misplaced. The Court of Appeals held that the deliberate failure to serve the notice or inventory on the defendants, as required by 18 U.S.C. § 2518(8)(d), constituted grounds for suppression of the wiretap evidence. That section provides:

"(d) Within a reasonable time but not later than ninety days after the filing

---

1. 18 U.S.C. § 1952. Defendants are also named in a related conspiracy count under 18 U.S.C. § 371.

2. All defendants have filed Motions to Suppress except Joseph Ripka who is a fugitive and remains unrepresented at this time.

3. 18 U.S.C. § 2510 et seq., N.J.S.A., 2A:156A–1 et seq. Our decision must look to both these sections since the federal statute governing wiretaps procured by state prosecuting officials provides as follows:
   "The principal prosecuting attorney of any State, or the principal prosecuting attorney of any political subdivision thereof, if such attorney is authorized by a statute of that State to make application to a State court judge of competent jurisdiction for an order authorizing or approving the interception of wire or oral communications, may apply to such judge for, and such judge may grant *in conformity with section 2518 of this chapter and with the applicable State statute* an order authorizing, or approving the interception of wire or oral communications . . . ." 18 U.S.C. § 2516(2). (Emphasis added).

4. Stipulation of Facts, paragraph 8.

of an application for an order of approval under section 2518(7)(b) which is denied or the termination of the period of an order or extensions thereof, the issuing or denying judge shall cause to be served, *on the persons named in the order or the application, and such other parties to intercepted communications as the judge may determine in his discretion that is in the interest of justice, an inventory which shall include notice of*—(1) the fact of the entry of the order or the application;

(2) the date of the entry and the period of authorized, approved or disapproved interception, or the denial of the application; and

(3) the fact that during the period wire or oral communications were or were not intercepted. . . . " (Emphasis added).

In *Eastman,* the defendants moving for suppression of the evidence were clearly the persons named in the order authorizing the interception of the telephone communications. See the opinion of the District Court at 326 F.Supp. 1038 (M.D. Pa.1971). In the present case, Judge Kingfield ordered the interception of the wire communications of "an individual known as Joe Rip and other unidentified persons." [5] After each order, Judge Kingfield directed service of an inventory on W. Ripka, Joseph Patrick Ripka and Louis James Vilotti.[6]

■ Several defendants argue, however, that although they are not one of the persons named in the order or application there is sufficient identification made to have required the service of an inventory. For example, defendant Manuszak points out that he is identified as "Sassy Doc" in the renewal application of November 25, 1969, and that on De-

cember 6, 1969, agents of the F.B.I. and members of the New Jersey state police knew that "Sassy Doc" was the defendant Manuszak.[7] However, there is nothing in the record upon which we must make our decision which indicates that Judge Kingfield was made aware of this fact. Therefore, *Eastman,* in which the judge who ordered the interception explicitly stated that "notice to the [defendant] is hereby expressly waived," is not on point:

"In the case at bar we have the extraordinary circumstance of an advertence to the provisions respecting . . . the inventory required by 18 U.S.C. § 2518(8)(d) and an express failure by the New York Justice to adhere to these provisions. . . . . *The touchstone of our decision on this aspect of the case at bar is . . . one in which specific provisions of Title III were deliberately and advertently not followed.* In other words the failure to file the notice or inventory is no mere ministerial act. It resulted from a judicial act which on its face deliberately flouted and denigrated the provisions of Title III designated for the protection of the public." United States v. Eastman, *supra,* 343 F.Supp. at 1061 and 1062.[8] (Emphasis added).

■ We are asked to hold that even if an inventory is not required by the language of 18 U.S.C. § 2518(8)(d), this section is constitutionally infirm in not requiring service of an inventory on any "aggrieved person" as defined in 18 U.S. C. § 2510(11). While this argument is initially persuasive, we are satisfied that any weakness in the statutory framework due to the artificial distinction between "persons named in the order or the application" and others whose communications have been intercepted is cured by

5. The order of October 8, 1969 names an individual known as "Jerry Ripka" and other unidentified persons.

6. See orders for Service of Inventory dated January 29, 1970 and February 6, 1970.

7. Stipulation of Facts, paragraph 4.

8. We do not intend to imply that a deliberate or advertent attempt by the police to delude the judge authorizing the wiretap, so that notice is not given to the unnamed defendant, will not result in suppression under *Eastman.* We will re-examine our decision if the record can be supplemented to demonstrate such a state of affairs.

18 U.S.C. § 2518(9) which requires the furnishing to any defendant of a copy of the interception order and application at least ten days prior to any proceeding in the case. We are satisfied that all of the defendants received whatever notice is required by the Constitution or Title III.[9]

Defendants' second group of arguments relate to the sufficiency of Judge Kingfield's orders. For example, we are asked to hold that "communications relating to the offenses of bookmaking and conspiracy" is not a "particular description of the type of communication sought to be intercepted" as required by 18 U.S.C. § 2518(4)(c). We do not agree. See United States v. Leta, 332 F.Supp. 1357 (M.D.Pa.1971). Nor do we find substance to defendants' assertion that the order is insufficient because it does not state "the period of time during which such interception is authorized, including a statement as to whether or not the interception shall automatically terminate when the described communication has been first obtained." 18 U.S.C. § 2518(4)(e). A reading of the Orders and Applications make it clear that a thirty (30) day period was contemplated, and that Judge Kingfield found that "more than one communication of the type described will occur." [10] Finally, defendants complain about the direction that "said interception will begin and end as soon as practicable and will be conducted in such a way as to minimize or eliminate the interception of communications other than the type described." This language is taken verbatim from N.J.S.A. 2A:156A–12, and we have concluded that this provision is directed to the same objective as the federal requirement, i. e., that "no order entered under this section may authorize or approve the interception of any wire or oral communication for any period longer than is necessary to achieve the objective of the authorization". 18 U.S.C. § 2518(5).

We have examined defendants' remaining contentions as to the validity of the agents' applications and as to the agents' compliance with the Orders authorizing the interceptions and we find no substance to them. Accordingly, we will enter an order denying defendants' Motions to Suppress.

---

9. On November 4, 1970, we extended the limits of requisite notice by ordering the Government to make available to each defendant full and complete transcripts of all recorded intercepted communications made in connection with the case.

10. For example, see Finding of Fact Number 6 pursuant to the Order of October 29, 1969.