THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY HUESTON, Also Known as TONY DE JESTE, and BONNIE KERR, Appellants.— Defendants appeal from two orders of the County Court, Rockland County, one dated December 3, 1970, and the other dated March 1, 1971, both of which denied their applications to suppress certain evidence, and from a judgment of that court rendered April 20, 1971, which convicted them both of criminal possession of drugs in the third and fourth degrees and defendant Hueston, alone, of unlawfully using slugs in the second degree, after a jury trial, and imposed sentence. Both orders and the judgment are reversed, on the law, the motions to suppress are granted and the case is remanded for a new trial

to be conducted in accordance with this memorandum. Pursuant to the investigation of a suspected drug operation which was allegedly being carried on by the defendants and others, the New York State Police procured both an eavesdropping warrant and a search warrant. Prior to trial defendants moved to suppress the evidence gathered under both warrants. In assailing the eavesdropping warrant, which had been issued first, the defendants claimed, *inter alia*, that such warrant was illegally issued because by a provision included therein, on its face, no notice of the surveillance was to be given to the defendants subsequent to the expiration of the warrant as was required by section 823 of the Code of Criminal Procedure then in effect (L. 1968, ch. 546). This claim was rejected by the County Court and by its order of December 3, 1970 defendants' motion to suppress was denied. Subsequently defendant Hueston was involved in a Federal prosecution which was predicated, in part, on the information garnered by the New York State Police pursuant to the said eavesdropping warrant. Upon Hueston's application to the Federal District Court, the evidence he sought unsuccessfully to suppress in the County Court was ruled to be inadmissible, that court holding that the warrant was issued in violation of both the pertinent New York and Federal statutes. Upon appeal to the United States Court of Appeals for the Third Circuit that decision was affirmed (*United States* v. *Eastman*, 465 F. 2d 1057). For the reasons stated by the United States Court of Appeals therein, we think that the County Court erred in its denial of defendants' motion to suppress the communications intercepted pursuant to the eavesdropping warrant (see, also, *People* v. *Tartt*, 71 Misc 2d 955). Upon reading the affidavits in support of the People's application for the search warrant it has become evident to us that the prime basis for the probable cause alleged therein was the information and communications intercepted by the New York State Police pursuant to the illegally issued eavesdropping warrant. This ground was argued to the County Court by the defendants in support of an application to suppress the evidence gathered pursuant to such search warrant and rejected by it. Such ruling resulted in the order of March 1, 1971 which denied that application. Accordingly, it is our opinion that as the eavesdropping warrant falls, so must the search warrant which was predicated upon information illegally perceived pursuant thereto. Defendants also appeal from their judgment of conviction. As the evidence pursuant to the two warrants in question has been ruled by us to have been inadmissible, and was, in fact, used against the defendants at their trial, they are entitled to a new trial at which the use of such evidence will be excluded. Hopkins, Acting P. J., Gulotta and Brennan, JJ., concur; Latham and Benjamin, JJ., dissent and vote to affirm with the following memorandum: The eavesdropping warrant is dated June 2, 1969 and names appellants herein. The warrant provides, *inter alia*, that notice to appellants "is hereby expressly waived". Nowhere does the State statute in effect at that time (Code Crim. Pro., § 814 *et seq.*, L. 1968, ch. 546) require that appellants be given notice of the warrant at or prior to the time the warrant is executed. Indeed, such a requirement would vitiate the utility of any eavesdropping warrant. The applicable Federal statute similarly does not contain a requirement that appellants be given such notice (U. S. Code, tit. 18, § 2510 *et seq.*). Both statutes provide however that certain notice be given after the warrant is executed. Thus, subdivision 1 of section 823 of the code provided: "Not later than sixty days after the termination of the eavesdropping warrant * * * written notice of issuance of the eavesdropping warrant and of the period of authorized eavesdropping must be personally served upon the person named in the warrant whose conversations were sought to be overheard". Similarly,

section 2518 (subd. [8], par. [d]) of title 18 of the United States Code provides, in part: " Within a reasonable time but not later than ninety days after the filing of an application for an order of approval under section 2518(7)(b) which is denied or the termination of the period of an order or extentions thereof, the issuing or denying judge shall cause to be served, on the persons named in the order or the application * * * an inventory which shall include notice of—(1) the fact of the entry of the order or the application; (2) the date of entry and the period of authorized, approved or disapproved interception, or the denial of the application; and (3) the fact that during the period wire or oral communications were or were not intercepted." It is true that *Berger* v. *New York* (388 U. S. 41, 60) requires that some form of notice is constitutionally required, however, the notice required does not necessarily have to be given prior to or contemporaneous with the search and seizure (*Katz* v. *United States*, 389 U. S. 347, 355, n. 16). Thus, it cannot be said that the instant eavesdropping warrant is void on its face merely because it provides that prior or contemporaneous notice of its execution is waived (see The Supreme Court, 1966 Term, 81 Harv. L. Rev. 69, 190 [1967]: "It is also possible that the Court's criticism [with respect to lack of notice] would be satisfied by a requirement that notice be given after the eavesdrop "). The issue then becomes whether the warrant becomes void *ab initio* by reason of the failure of the court below to give the notices required by subdivision 1 of CCP 823 and section 2518 (subd. [8], par. [d]). In our opinion, the warrant is not void *ab initio* for this reason. The Senate's report states, with respect to section 2518 (subd. [8], par. [d]), " [T]he intent of the provision is that the principle of post use notice will be retained * * * Through its operation all authorized interceptions must eventually become known at least to the subject " (Sen. Rep. No. 1097, 90th Cong., 2d Sess. [1968], U. S. Code & Adm. News, p. 2194 [1968]). The ABA Standards Relating to Electronic Surveillance states: " The principle * * * should itself always remain the post-use notice would have to be given at some time " (ABA Standards Relating to Electronic Surveillance 161 [1971 Approved Draft]). Thus, in *United States* v. *Wolk* (466 F. 2d 1143, 1146 [8th Cir., 1972]) it was held that " Inasmuch as the statute has been substantially complied with in that the appellees * * * have not been prejudiced by the delay in formal notification, the evidence should not have been suppressed." The court in *Wolk* distinguished *United States* v. *Eastman* (465 F. 2d 1057 [3d Cir., 1972], noted, 10 Houston L. Rev. 499 [1973]), which involved the very eavesdropping warrant with which we are presented at bar, on the ground that the Judge who granted the wiretap authorization in *Eastman* " 'waived.' the service of the inventories " (p. 1145). In our opinion, the court in *Wolk* and the court in *Eastman* both misread the waiver provision. As noted earlier, the provision dispenses with prior or contemporaneous notice, not with ultimate notice. So viewed, appellants herein were not prejudiced by the noncompliance objected to because they had copies of the eavesdropping warrant, the affidavits in support of the warrant, and the logs and transcripts of the conversations overheard through their attorney in December, 1969. Under these circumstances, appellants were not prejudiced by delayed compliance with the applicable statutes (*United States* v. *Wolk, supra*; *People* v. *Di Lorenzo*, 69 Misc 2d 645). Appellants' attorney did in fact move against the warrant and received a decision thereon on the merits. Nor is it entirely clear that an inventory is constitutionally required (note, Wiretapping and Electronic Surveillance — Title III of the Crime Control Act of 1968, 23 Rutgers L. Rev. 319, 369 [1969]). The ABA Standards (*supra*, p. 160) states: " A failure to make a correct return or to

file the inventory * * * should result in the suppression of evidence only where prejudice is shown ". Once it is found that the warrant is valid, a subsequent defect in procedure does not always make the warrant void *ab initio* (*United States* v. *Iannelli,* 339 F. Supp. 171, 175 [W. D. Pa., 1972]). Accordingly, we dissent and vote to affirm the judgment.