Rabin, J.
The question presented in this appeal is whether evidence obtained as a result of telephone conversations intercepted pursuant to a warrant should be suppressed. The Appellate Division, apparently holding that the eavesdropping warrant was void on its face, ordered that all evidence obtained as a result of the conversations be suppressed. We reverse.
The defendant Bonnie Kerr (Kerr) was convicted of criminal possession of a dangerous drug in the third degree and in the fourth degree. The defendant Anthony Hueston (Hueston) was convicted of the same crimes, and also of unlawfully using slugs in the second degree. These convictions were obtained after trial in which drugs and slugs seized pursuant to a search warrant were introduced in evidence. The search warrant was based on a supporting affidavit which referred to information obtained as a result of the prior wiretap of defendant Kerr’s telephone pursuant to warrant. The defendants made motions to suppress the evidence obtained as a result of the eavesdropping warrant and as a result of the search warrant. The County Court denied both motions, and the Appellate Division held that the conversations were illegally intercepted and that evidence obtained as a result, including the evidence seized pursuant to the search warrant, must be suppressed.
The eavesdropping warrant on Kerr’s telephone was also the subject of judicial decision in United States v. Eastman (465 F. 2d 1057). Hueston was indicted with Gordon Eastman in the United States District Court, Middle District of Pennsylvania, for the manufacture of drugs in violation of Federal statutes. The evidence obtained in the Federal prosecution was derived in part from the conversations intercepted by New York police pursuant to the warrant in question here. In Eastman, the United States Court of Appeals affirmed the decision of the District Court suppressing the evidence obtained as a result of the intercepted conversations. Though discussing several grounds for suppression, the Eastman court stated that “ the touchstone ” of its decision was that the case was “ not one in which an inventory was delayed but rather [was] one in which specific provisions of Title HI were deliberately and advertently not followed. In other words the failure to file the notice or inventory [was] no mere ministerial act. It resulted from a *119 judicial act which on its face deliberately flouted and denigrated the provisions of Title III designated for the protection of the public.” (465 F. 2d, at p. 1062.)
The Appellate Division adopted this reasoning in reversing and suppressing the evidence: “ For the reasons stated by the United States Court of Appeals [in Eastman], we think that the County Court erred in its denial of defendants’ motion to suppress the communications intercepted pursuant to the eavesdropping warrant [citation omitted].” (People v. Hueston, 42 A D 2d 860, 861.) The People appeal the order pursuant to permission granted by Justice Latham of the Appellate Division. With due respect for the authority of the Eastman case, we are not convinced that its reasoning should be followed.
Two principal objections to the use of the intercepted conversations are presented for our consideration: (1) that the eavesdropping warrant is void on its face; and (2) that the failure of the prosecution to give notice of the warrant, as required by the former Code of Criminal Procedure (§ 823) and title 18 of the United States Code (§ 2518, subd. [8], par. [d]) renders any evidence obtained from the eavesdropping inadmissible.
The defendants’ claim that the warrant is void on its face because its concluding sentence provided: “ That notice to the said Tony De Jeste and Bonnie Kerr is hereby expressly waived.” The warrant, signed by since deceased Justice Hoyt, was dated June 2, 1969. At that time section 823 of the Code of Criminal Procedure required that written notice of the issuance of the warant and the period of authorized interception be given to the persons named in the warrant within 60 days after the termination of the original eavesdropping warrant or any renewals thereof.[1]
*120 The People maintain, inter alia, that the waiver in the warrant was not intended to dispense with the postterruination notice required by section 823. Bather they contend that the “ obvious purpose of the statement was to eliminate the giving of any advance notice of the warrant to the respondents at the time the warrant was executed.” (Emphasis added.) The two dissenting Justices in the Appellate Division also interpreted the statements as dispensing with prior or contemporaneous notice, not with ultimate notice. While we find this interpretation strained, since the code had no requirement of advance or prior notice with respect to eavesdropping warrants to be “ expressly waived ”, we find it unnecessary to resolve this ambiguity. Even assuming that the warrant language purported to waive the posttermination notice, we find that the statement was a nullity and that the warrant was valid.
Briefly, the statute entitles the defendants and any other civilian, to posttermination notice of the eavesdropping. This guarantee of notice remains effective regardless of any statement in a warrant to the contrary; and any prosecution attempt to rely upon the language in the warrant as granting a dispensation from the statutory notice requirement would be futile. Equally futile is a defendant’s attempt to rely upon a statement of waiver in the warrant, if the prosecution in fact gave the required notice. In short, the guarantee we are concerned with here applies to the notice itself, not to the wording of the warrant; and consequently, to suppress the evidence, a defendant must show a failure of notice (see People v. Tartt, 71 Misc 2d 955, 959, 961). This brings us to the more serious irregularity here, the prosecution’s failure to give notice.
The People admit that they did not give the written posttermination notice required by the statute. While we may assume that the lack of such notice might ordinarily require suppression of the evidence obtained as a result of the warrant (see People v. Tartt, 71 Misc 2d 955, supra), we believe that the special circumstances present in this case compel a different conclusion.
In papers dated September 26, 1969, the defendants moved for an order directing the District Attorney “■ to furnish to the defendants a copy of the Affirmations and/or Affidavits used in support of obtaining a Wire Tap Order, the Wire Tap Order *121 itself and the return on the Wire Tap Order The defendants therefore had actual notice, of the existence of the warrant at least by September 26, 78 days following July 10, the termination date of the warrant as extended. While the statute requiring notice to be given within 60 days of the expiration of the warrant was in effect when the warrant was issued on June 2, 1969, this statute was replaced effective June 25, 1969 with a statute requiring notification within 90 days of the expiration of the warrant. Thus, the 90-day requirement took effect in the midst of the eavesdropping which was authorized through July 10, 1969 by the warrant as extended.
The change from 60 to 90 days was part of the addition of title III to the Code of Criminal Procedure, which revamped the New York eavesdropping scheme following the enactment by Congress of the Omnibus Crime Control and Safe Streets Act of 1968 (U. S. Code, tit. 18, §§ 2510-2520). (See Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 11A, CPL art. 700.) Title III of the code provided that whether the admissibility of evidence obtained through eavesdropping would be governed by the old or the new law would turn on whether the act of eavesdropping occurred prior to the effective date of the act. (L. 1969, ch. 1147, § 9.)[2] Consequently, despite the date of issuance, some of the acts of eavesdropping involved here occurred after the effective date of the new statute and the admissibility of evidence obtained through the interceptions authorized by the warrant in question is not governed completely by the 60-day requirement.[3]
*122 Furthermore, it appears that the purposes served by the notification requirement are, first, to publicize wiretaps to assure the community that eavesdropping techniques are reasonably employed and that at least the subject will eventually learn of them (cf. Sen. Report No. 1097, 90th Cong., 2d Session, U. S. Code Congressional & Administrative News, p. 2194 [1968] [regarding purpose of notice in Federal statute]); and, second, to allow defendants in criminal actions to test the legality of the warrants by making timely motions to suppress evidence. The motion dated September 26, 1973, evidencing the defendants’ knowledge of the wiretap indicates that both of the purposes behind the notification requirement were accomplished as to these defendants.
Under these circumstances, we do not believe any useful purpose would be served by a holding which hinged the admissibility of evidence upon a prosecutor’s handing a formal written notification to a defense attorney who was already in possession of the information contained therein. Where actual knowledge of the existence of the warrant is demonstrated within the time period allowed for notification by the prosecution, such formal written notification becomes a ministerial act, and the failure to so notify does not require suppression of evidence.
Besides citing section 823 of the Code of Criminal Procedure, the defendants also rely on the similar provision of a Federal statute (U. S. Code, tit. 18, § 2518, subd. [8], par. [d] ).[4] Section 2518 provides that notification of certain facts concerning the application for an eavesdropping warrant must be given within 90 days of the expiration of the warrant as extended. We find there is no basis for distinguishing between the requirements of the Federal and State statutes on the facts presented, and the motion to suppress on the Federal grounds also fails for the reasons outlined above. (Cf. United States v. Cafero, 473 *123 F. 2d 489, 499, U. S. app. pending; United States v. La Gorga, 336 F. Supp. 190,194.)
Finally, we have examined the application presented in support of the warrant and find that, contrary to defendants’ contentions, it was in sufficient compliance with subdivision 2 of section 817 of the Code of Criminal Procedure (L. 1968, ch. 546) and section 2518 of title 18 of the United States Code. The order appealed from should be reversed, the defendants’ motions to suppress should be denied, and the matter remitted to the Appellate Division for further proceedings in accordance with this opinion (i.e., for consideration of questions of fact, if any, raised on the appeal to that court [see CPL 470.25, subd. 2, par. (d); 470.40, subd. 2, par. (b)]).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Stevens concur.
Order reversed and case remitted to the Appellate Division for further proceedings in accordance with the opinion herein.

. Former section 823 of the Code of Criminal Procedure, effective June 5, 1968, provided in pertinent part as follows: “ § 823. Eavesdropping warrants; notice and return. 1. Not later than sixty days after termination of the eavesdropping warrant or any renewals thereof * * * written notice of issuance of the eavesdropping warrant and of the period of authorized eavesdropping must be personally served upon the person named in the warrant whose conversations were sought to be overheard ® * * or upon the subscriber to the telephone ”. (L. 1968, ch. 546.)

. Title III of the Code of Criminal Procedure provided with regard to the effective date of its provisions: “ In any civil or criminal action * * * occurring after the effective date of this act, the admissibility of any evidence obtained by any act of eavesdropping prior to the effective date of this act, or any evidence obtained through or resulting from information obtained by such act of eavesdropping, shall be determined according to the provision of law in force and effect immediately prior to the effective date of this act in the same manner as if this act had not been enacted.” (L. 1969, ch. 1147, § 9.)

. We also note that the affidavit of a State policeman in support of the search warrant indicates that the police did not rely solely on conversations intercepted prior to June 25, 1969. Information obtained from physical surveillance, from the Federal Bureau of Investigation, and from conversations intercepted after June 25, 1969 are also referred to. A conversation intercepted July 4, 1969 between Hueston (Tony De Jeste) and Gordon Eastman concerned the receipt of 30 ounces of “ speed ” from Eastman sometime after July 7, 1969.

. Section 2515 of title 18 of the United States Code provides that, “ Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial * * before any court * * * 0f * ” * a State, or any political subdivision thereof if the disclosure of that information would be in violation of this chapter.” The statute has been held exclusionary in Gelbard v. United States (408 U. S. 41).