UNITED STATES of America,
Plaintiff,

v.

Gary HARVEY, Defendant.

Nos. CR.2001–327, CR.2002–149.

District Court, Virgin Islands,
Appellate Division,
D. St. Thomas and St. John.

Feb. 7, 2003.

Nelson L. Jones, Esq., Assistant U.S. Attorney, St. Thomas, VI, for Plaintiff.

Douglas J. Beevers, Esq., Assistant Federal Public Defender, St. Thomas, VI, for Defendant.

## OPINION

MOORE, District Judge.

Before the Court are Gary Harvey's ["Harvey" or "defendant"] motion to reconsider my August 21, 2002 order dismissing the charges against him without prejudice in Crim. No.2001–327, motion to suppress in Crim. No.2002–149, and motion to dismiss in Crim. No.2002–149. For the following reasons, I will deny all three motions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In Crim. No.2001–327, the government failed to provide Harvey with a copy of the court order authorizing a wiretap intercept ten days before the May 8, 2002 hearing on the defendant's motion to suppress any evidence derived from wiretaps, as required under § 802 of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2518(9). Consequently, I granted the defendant's motion to suppress the wiretap-related evidence.

Subsequently, Harvey moved to dismiss the charges against him for violations of the Speedy Trial Act, 18 U.S.C. §§ 3161–3174. On Wednesday, August 21, 2002, at the hearing on the speedy trial violations, Harvey requested that I dismiss the charges against him with prejudice, arguing that the government might seek to reprosecute him, and thus use the Speedy Trial Act to circumvent my adverse ruling on the wiretap evidence. At that point, the government stated that it had not yet decided whether it would attempt to reindict Harvey, but avowed that it was not using the Speedy Trial Act in order to get around my suppression ruling. Based on this information, I found that there was no evidence at that time indicating bad faith on the part of the government or that reprosecution of Harvey would negatively impact the administration of the Speedy Trial Act and the administration of justice. Accordingly, I dismissed the charges in Crim. No.2001–327 without prejudice. In addition, I ordered that the government return Harvey's Jamaican passport to him forthwith.

The next day, Thursday, August 22, 2002, Harvey sought an emergency hearing, arguing that the High Intensity Drug Trafficking Area ["HIDTA"] office refused to comply with my order requiring it to return Harvey's property to him. At the hearing on that emergency motion, the government insisted that it was not holding Harvey's documents for the purpose of being able to rearrest him. I granted Harvey's motion, and ordered the government again to return his documents to the defendant forthwith.

On Friday, August 23, 2002, Harvey's attorney was informed that the Drug Enforcement Agency ["DEA"] evidence custodian would not be available until after

4:00 p.m. that day. When Harvey's attorney went to the DEA office to obtain his client's property, agents arrested Harvey while he waited outside the building in his attorney's car. Harvey's lawyer was then informed that the agency would not return any of his property because the defendant had been re-arrested. Around 5:00 p.m., almost all of Harvey's property was returned to his lawyer, with the exception of some papers. Based on this behavior, Harvey requests that I amend my August 21, 2002 order and dismiss the charges against him with prejudice.

The government, in Crim. No.2002–149, has re-indicted Harvey, charging him with the identical crimes with which he was charged in the original matter—possession of more than one kilogram of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(i), and importing heroin into the United States, in violation of 21 U.S.C. § 952(a). In this second case, Harvey moves to dismiss the charges against him, arguing that the government is vindictively prosecuting him for having exercised his rights under the Speedy Trial Act. In addition, he moves to suppress the wiretap-related evidence, maintaining that the government is collaterally estopped from now using it against him in this subsequent prosecution.

## II. DISCUSSION

### A. A Subsequent Prosecution of Harvey will not Prejudice Him or Adversely Affect the Administration of Justice

In the first case, Crim. No.2001–327, Harvey has moved for reconsideration of my order dismissing the charges against him, and requests that the charges be dismissed with prejudice. He moves, in the second case, Crim. No.2002–149, to suppress the wiretap-related evidence, arguing that the government is collaterally estopped from using it at a subsequent trial. Because the issues surrounding these two motions are interrelated, I will discuss them together.

In determining whether to dismiss the indictment with or without prejudice, I must consider the following factors: (1) the seriousness of the offenses; (2) the facts and circumstances which led to the dismissal; and (3) the impact of a reprosecution on the administration of the Speedy Trial Act and the administration of justice. *See* 18 U.S.C. § 3162(a)(1); *see also United States v. Taylor,* 487 U.S. 326, 333, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988). Even in light of the government's seriously dilatory behavior following my August 21, 2002 ruling, I cannot find that these factors warrant dismissal with prejudice.

Clearly, importation and possession of more than one kilogram of heroin with the intent to distribute are serious offenses. On August 21, 2002, the government stated to this Court that it was unsure whether it would seek to reprosecute Harvey and insisted that it was not using the Speedy Trial Act to avoid my adverse ruling on the wiretap evidence. The next day, at the emergency hearing, the government again insisted that it was not holding Harvey's documents to rearrest him. On the immediately following day, however, as Harvey's attorney was in the process of retrieving the papers, the United States did just that and now wants to use in Crim. No.2002–149 the very same wiretap-related evidence I ruled inadmissible in Crim. No.2001–327.

I find the government's representations to this Court to have been disingenuous, and its actions to be prejudicial to Harvey. In light of the government's behavior in delaying the return of Harvey's passport and other personal items to him and its arrest of Harvey when he attempted to retrieve these items, I believe that the government did, in fact, intend to allow the speedy trial clock to run so that it could

reprosecute Harvey and avoid the effect of my suppression ruling. Because the government is not estopped from using such evidence in reprosecution, however, I must deny Harvey's motion to reconsider as well as his motion to suppress.

■ In *Ashe v. Swenson*, the Supreme Court held that the Fifth Amendment's Double Jeopardy Clause prohibits relitigation of an issue when that issue has been decided in a criminal defendant's favor by a "valid and final judgment."[1] 397 U.S. 436, 443–47, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) (holding that doctrine of collateral estoppel prohibited subsequent prosecution when jury found defendant not guilty of robbing victim, and state charged defendant with robbing second victim in same robbery). Under the Restatement (Second) of Judgments, collateral estoppel, or "issue preclusion," exists "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." RESTATEMENT (SECOND) OF JUDGMENTS ["Restatement"] § 27 (1982). *See also National R.R. Passenger Corp. v. Pennsylvania Pub. Util. Comm'n*, 288 F.3d 519, 525 (3d Cir.2002) (applying section 27 of Restatement in civil context). The United States Court of Appeals for the Third Circuit has held that the "prerequisites for the application of issue preclusion are satisfied when: (1) the issue sought to be precluded is the same as that involved in the prior action, (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment." *National R.R. Passenger Corp.*, 288 F.3d at 525 (internal quotations and brackets omitted) (quoting *Bur-*

*lington Northern R.R. Co. v. Hyundai Merch. Marine*, 63 F.3d 1227, 1231–32 (3d Cir.1995)).

Unfortunately for Harvey, my May 8, 2002 order suppressing the wiretap-related evidence fails to meet the Restatement's and the Court of Appeals' requirements. In Crim. No.2001–327, Harvey successfully argued that the wiretap-related evidence should be suppressed under 18 U.S.C. § 2518(9), and the government now seeks to use that same evidence in its second prosecution of him in Crim. No.2002–149. The first two issue preclusion requirements are met since the parties litigated the issue in open court, and I articulated my reasoning both in a written order and from the bench. The third requisite fails, however, since my ruling is not a "final and valid judgment."

The order suppressing wiretap evidence was, in effect, a discovery sanction, and not a suppression order based on a Fourth Amendment or other constitutional violation (*see United States v. McKim*, 509 F.2d 769, 775–76 (5th Cir.1975) (finding government collaterally estopped from relitigating validity of a search and seizure adjudicated to have been in violation of the Fourth Amendment)) or a violation of the Wiretap Act that affected the manner in which the wiretapping-related evidence was *obtained* (*see, e.g., Laughlin v. United States*, 344 F.2d 187, 191–92 (D.C.Cir. 1965) (reversing convictions and finding government collaterally estopped from using audio-taped evidence that was found to have been taken in violation of federal communications act in an earlier prosecution of appellants)). Here, the government's violation was case-specific to Crim.

---

1. Although the United States Court of Appeals for the Third Circuit has declined to address whether the government may be precluded from using suppressed evidence from one trial in a subsequent trial, it has noted that

"[t]he application of collateral estoppel to criminal defendants raises difficult due process questions." *See United States v. Price*, 13 F.3d 711, 720 (3d Cir.1994).

No.2001–327. It did not taint the process by which the evidence had been *obtained,* but merely violated the statutory provision requiring the government to disclose the existence of the wiretap and give Harvey adequate time to review and challenge the propriety of the process by which it was obtained under 18 U.S.C. § 2518(10)(a). *See United States v. Owen,* 966 F.2d 1445, 1992 WL 132852, at 1–2 (4th Cir.1992) (referring to suppression for such a "technical violation" under 18 U.S.C. § 2518(9)); *see also United States v. Eastman,* 465 F.2d 1057, 1063 (3d Cir.1972) (noting that "18 U.S.C. § 2518(9) is intended to provide the defendant whose telephone has been subject to wiretap an opportunity to test the validity of the wiretapping authorization"). Hence, my ruling did not constitute a "final judgment" for purposes of collateral estoppel.

While I do not condone the government's behavior, and note that it did not appeal my ruling suppressing the wiretap-related evidence, I must deny Harvey's motions to reconsider and suppress and permit the subsequent prosecution to continue, as I cannot find that a second prosecution will so prejudice or adversely affect the administration of justice that dismissal with prejudice is required by the Speedy Trial Act.

### B. Harvey has not Established Vindictive Prosecution

 As an alternative ground for dismissal with prejudice in Crim. No.2001–327, Harvey avers that the charges filed against him in Crim. No.2002–149 should be dismissed because he is being punished for having pursued his speedy trial rights in the original matter. A defendant may not be punished for exercising a protected statutory or constitutional right. *United States v. Goodwin,* 457 U.S. 368, 372, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). "Prosecutorial vindictiveness may occur when the government penalizes a defendant for in-voking legally protected rights." *United States v. Schoolcraft,* 879 F.2d 64, 67 (3d Cir.1989). The defendant bears the initial burden of proof in a vindictive prosecution claim and is required to establish at least the appearance of vindictiveness. *Id.* at 68. The burden then shifts to the prosecution to show that its prosecutorial decision was justified. *Id.*

Here, although the government's behavior has been less than commendable, Harvey has not established that the government is reprosecuting him because he exercised his speedy trial rights in the first case against him. Moreover, the cases Harvey relies on deal solely with cases in which the government added counts or more severe charges in reprosecuting a defendant. That is not the case here, however, since the government has reindicted him for the identical offenses. Accordingly, I will deny the motion to dismiss.

### III. CONCLUSION

Because my ruling suppressing any wiretap-related evidence in Crim. No.2001–327 was not a "final judgment" for purposes of establishing collateral estoppel, I must deny Harvey's motion to reconsider my ruling dismissing the charges against him in Crim. No.2001–327 and his motion to suppress the same evidence in Crim. No.2002–149. In addition, I find that he has not established that this subsequent prosecution is based on vindictiveness on behalf of the government. Accordingly, I will deny all three motions.

### ORDER

For the reasons stated in the accompanying Opinion of even date, (1) Gary Harvey's motion to reconsider filed in Crim. No.2001–327 [docket entry # 49] is **DENIED,** (2) his motion to suppress in Crim. No.2002–36 [docket entry # 10] is **DE-**

NIED, and (3) his motion to dismiss for vindictive prosecution in Crim. No.2002–36 [docket entry # 15] is also DENIED.