(576 P.2d 242)

No. 49,314

STATE OF KANSAS, *Appellant,* v. DAVID W. ADAMS, RANDY KILLINGS-WORTH, STEVEN COKER, KEN PHILBROOK, RICHARD MILDES, TOM HENTON, ROBERT NELLAND, JAMES STUMPNER, JAMES LYBARGER, ROBERT LEATHERMAN and MICHELE ORENDAC, *Appellees.*

Petition for review denied April 11, 1978.

Opinion filed March 24, 1978.

*Dennis L. Harris,* Special Assistant Attorney General, and *Curt T. Schneider,* Attorney General, for appellant.

*James L. Eisenbrandt,* of Soden, Eisenbrandt, Isenhour & Gates, of Mission, for appellees.

Before SWINEHART, P.J., REES and SPENCER, JJ.

REES, J.: This is an interlocutory appeal by the State from an order suppressing certain evidence obtained by electronic eaves-dropping.

On September 3, 1976, the then district attorney of Johnson County made an application to Judge Walton, a district judge of the Tenth Judicial District, for an order authorizing electronic eavesdropping. The application was granted and authorization was given for the interception and recordation of telephonic communications passing through a telephone located at an address in Kansas City, Kansas. An interception bridge was effected and a monitoring station established next door to the tapped telephone. The telephone, the interception bridge, and the monitoring station were all physically located in Wyandotte County in the Twenty-ninth Judicial District.

Subsequently, the defendants in the present case were charged with conspiracy to distribute heroin. Motions to suppress the evidence obtained by interception of telephonic communications under authorization of the order were heard and sustained by a judge of the Tenth Judicial District other than Judge Walton. The basis for the order of suppression was a determination that under applicable Kansas statutes Judge Walton was without statutory authority and jurisdiction to authorize a wiretap outside the Tenth Judicial District. We affirm.

The governing statute in this case is K.S.A. 1976 (now 1977) Supp. 22-2516(3), which provides in part as follows:

"(3)   Upon such application the judge may enter an *ex parte* order, as requested or as modified, authorizing the interception of wire or oral communications *within the territorial jurisdiction of such judge* . . ." (Emphasis supplied.)

K.S.A. 1976 (now 1977) Supp. 22-2516(3) was enacted by the legislature in 1976 and became effective on May 8 of that year as a part of a comprehensive act regulating the authorization and use of electronic eavesdropping. The statute is clearly patterned after 18 U.S.C.A. § 2518.

Pursuant to the statute, a district judge may authorize the interception of wire or oral communications within his "territorial jurisdiction." The statute gives no authority to a district judge, and he has none, to grant orders for the interception of wire or oral communications outside his "territorial jurisdiction." We conclude that the "territorial jurisdiction" of Judge Walton, for the purpose of authorizing the interception of wire or oral communications under K.S.A. 1976 (now 1977) Supp. 22-2516(3), was the Tenth Judicial District.

The territorial limit of the jurisdiction of state courts is defined by state statutes and constitutional provisions. *In re Jewett,* 69 Kan. 830, Syl. 3, 77 Pac. 567 (1904). The jurisdiction of a court may be territorially limited by constitutional or statutory provisions to a part of the territory of the sovereignty to which it belongs. 20 Am. Jur. 2d, Courts, § 153, p. 499. Our district courts have only such jurisdiction as may be provided by the legislature. *City of McPherson v. State Corporation Commission,* 174 Kan. 407, 411, 257 P.2d 123 (1953).

Article 3, § 6, of the Kansas Constitution (K.S.A. 1977 Supp.) provides as follows:

" § 6.   **District courts.**   (*a*) The state shall be divided into judicial districts as

provided by law. Each judicial district shall have at least one district judge. . . .

"(*b*) The district court shall have such jurisdiction in their respective districts as may be provided by law."

K.S.A. 1976 (now 1977) Supp. 20-301a provides as follows:

"**Classes of judges of the district court.** There shall be three classes of judges of the district courts established pursuant to K.S.A. 1976 Supp. 20-301: District judges, associate district judges and district magistrate judges; and as used in this act, the term 'judge of the district court' shall mean any of such judges. Such judges shall have the jurisdiction, powers and duties prescribed by this act and otherwise prescribed by law. *The judicial power and authority of a judge of the district court in each judicial district may be exercised anywhere within such judicial district,* and may be exercised anywhere within any other judicial district when assigned to hear any proceeding or try any cause in such judicial district, as provided in K.S.A. 1976 Supp. 20-319." (Emphasis supplied.)

By statute, Johnson County constitutes the Tenth Judicial District (K.S.A. 1976 [now 1977] Supp. 4-211) and Wyandotte County constitutes the Twenty-ninth Judicial District (K.S.A. 1976 [now 1977] Supp. 4-230).

We believe the term "territorial jurisdiction" as used in K.S.A. 1976 (now 1977) Supp. 22-2516(3), when applied to a district judge and when considered in light of Article 3, § 6 and K.S.A. 20-301a, means the judicial district within which the district judge sits.

The case of *Granese v. State,* 232 Ga. 193, 206 S.E.2d 26 (1974), supports our conclusion. There the Georgia Supreme Court was presented with the issue whether the superior court judge was required to sign a wiretap order within the county where the electronic device was to be located. The court decided that the order could be signed anywhere within the judge's circuit, saying in part:

"The Federal statute, 18 USCA § 2518 (3), provides that: 'Upon such application the judge may enter an ex parte order, . . . authorizing or approving interception of wire or oral communications within the territorial jurisdiction of the court in which the judge is sitting, . . .'

"The territorial jurisdiction of a judge of the superior courts is the judicial circuit in which he presides. . . ." (p. 197.)

Since the Georgia judicial circuit is the equivalent of our judicial district the decision is persuasive authority, even though the precise issue before us was not then before the Georgia Supreme Court.

We do not find that the question raised by the State on this

appeal has been determined by the Kansas Supreme Court. However, the Supreme Court has tended to narrowly construe the statutes governing electronic eavesdropping and has required strict compliance with their terms. *In re Olander,* 213 Kan. 282, 515 P.2d 1211 (1973); *State v. Farha,* 218 Kan. 394, 544 P.2d 341 (1975); *State v. Dowdy,* 222 Kan. 118, 563 P.2d 425 (1977). The court has noted that "[n]o area of the law is more sensitive than that of electronic surveillance, since such activity intrudes into the very heart of personal privacy. . . ." *In re Olander,* supra, p. 285.

We do not believe case law dealing generally with the subject of searches and seizures and the issuance of search warrants is applicable to the present case. Search warrants are not subject to the same strict procedural requirements and degree of judicial oversight as is electronic eavesdropping. The legislature has created separate and comprehensive statutes to govern electronic eavesdropping (K.S.A. 1977 Supp. 22-2514, *et seq.*) independent of the general search and seizure statutes (K.S.A. 22-2501, *et seq.*). Nothing in the search and seizure statutes expressly limits the power of district judges and associate district judges to issue warrants within the "territorial jurisdiction" of the judge as K.S.A. 1976 (now 1977) Supp. 22-2516(3) limits the issuance of electronic eavesdropping orders.

Where there is interception of telephonic communications, and the locations of the telephone as to which the intercept is conducted, the intercepting device and the monitoring are within the same judicial district, a district judge sitting in another judicial district has no power under K.S.A. 1976 (now 1977) Supp. 22-2516(3) to authorize the interception.

Affirmed.