(643 P.2d 1112)
No. 52,021

STATE OF KANSAS, *Appellee,* v. PAUL M. WILLIS, *Appellant.*

Opinion filed
April 9, 1982.

*Marvin C. Pendergraft,* of Pendergraft & Pendergraft, of Wichita, for appellant.

*Douglas R. Roth,* assistant district attorney, *Clark V. Owens,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before PARKS, P.J., ABBOTT and REES, JJ.

REES, J.: Defendant appeals from his conviction by a jury for conspiracy to sell cocaine (K.S.A. 21-3302; K.S.A. 65-4127a).

Title III of the Omnibus Crime Control and Safe Streets Act, codified in 18 U.S.C. § 2510 *et seq.,* which preempts the field of electronic surveillance regulation, allows for concurrent state regulation, subject, at the minimum, to the federal regulatory requirements. In order to obtain a state wiretap warrant, there must be a state wiretap statute in effect. Although a state may adopt a wiretap statute with standards more stringent than the federal requirements, a state may not adopt a statute with more permissive standards. Wiretap evidence obtained under state statutory authorization more permissive than the federal act is inadmissible. *State v. Farha,* 218 Kan. 394, 399-400, 544 P.2d 341 (1975). Accordingly, where there are at issue provisions of a state wiretap statute which conform to their counterparts in the federal act, federal case authority has precedential value at least equivalent to state case authority, if any. Hence, federal case law in this area is generally, if not universally, treated as controlling authority.

The first of defendant's three contentions of trial error is that wiretap evidence and its fruit were erroneously admitted. Three arguments are made in support of this contention.

The State mailed the intercepts inventory notice six days after the expiration of the time allowed. Defendant claims noncom-

pliance with K.S.A. 22-2516(7)(*d*) (Ensley) rendered the wiretap evidence inadmissible. He does not argue his ability to defend was prejudiced by the late mailing.

The three bases for wiretap evidence suppression expressed in K.S.A. 22-2516(9)(*a*) (Ensley), *i.e.,* unlawful interception, order authorizing interception insufficient on its face, and interception not made in conformity with authorization order, do not concern post-intercept requirements. Post-intercept notice is to assure the community that wiretap interception is reasonably employed. *United States v. Donovan,* 429 U.S. 413, 438-439, 50 L.Ed.2d 652, 97 S.Ct. 658 (1977). The federal courts have not suppressed wiretap evidence solely because the inventory was not mailed, or was mailed late. *United States v. Vento,* 533 F.2d 838 (3d Cir. 1976); *United States v. Civella,* 533 F.2d 1395 (8th Cir. 1976); *United States v. Rizzo,* 492 F.2d 443 (2nd Cir.), *cert. denied* 417 U.S. 944 (1974). Defendant's reliance upon *State v. Dowdy,* 222 Kan. 118, 563 P.2d 425 (1977), and, in turn, *United States v. Eastman,* 465 F.2d 1057 (3d Cir. 1972), is insufficient. Since *Eastman,* the issue has been addressed in *United States v. Donovan,* 429 U.S. 413, and *United States v. Harrigan,* 557 F.2d 879 (1st Cir. 1977). We find the state of the law to be that failure to fully comply with post-interception requirements, standing alone, does not require suppression. Such failure does not render the interceptions unlawful.

Next, defendant finds fault in the application for the wiretap authorization order, the supporting affidavit, the order and the amended order, where there was in multiple but not all instances a transposition of the last two digits of the house number at which the target telephone was located. In other words, there was misstatement of the address of the location of the telephone. Although this is true, where the target telephone number was stated some 22 times in the same documents, it was correctly listed; the telephone number was correctly set forth each and every time it appeared. The mistaken statements of the house number are apparent clerical error, immaterial variation and insubstantial variation that are insufficient to warrant suppression of the evidence. *United States v. Doolittle,* 507 F.2d 1368, 1370 (5th Cir. 1975); *United States v. Sklaroff,* 506 F.2d 837, 840 (5th Cir.), *cert. denied* 423 U.S. 874 (1975).

Purported evidence of an illegal prior wiretap is claimed by

defendant to have tainted and rendered inadmissible the subject wiretap evidence. The fruit of the poisonous tree doctrine is inapplicable where the connection between the illegal search and the challenged evidence does not taint the latter. Whether the connection taints the evidence is an issue of fact for determination by the trial court. *State v. Childers,* 222 Kan. 32, 40, 563 P.2d 999 (1970); *State v. Deffenbaugh,* 216 Kan. 593, 598, 533 P.2d 1328 (1975). Given the thin nature of defendant's evidence of a connection in this case, we cannot hold the admission of the evidence was erroneous as a matter of law.

As his second contention of trial error, defendant complains intercepted statements of other alleged conspirators were erroneously admitted hearsay. The subject at hand was discussed in *State v. Marshall & Brown-Sidorowicz,* 2 Kan. App. 2d 182, 577 P.2d 803, *rev. denied* 225 Kan. 846 (1978), and in particular at pages 197-199 of that opinion. What is there said need not be repeated. We find no material variance in *State v. Roberts,* 223 Kan. 49, 574 P.2d 164 (1977), or subsequent decisions. The trial judge is afforded significant discretion and latitude in ruling upon admissibility of evidence in conspiracy cases. *State v. Taylor,* 2 Kan. App. 2d 532, 533, 583 P.2d 1033 (1978). We can find no error in the admission of the challenged testimony as a matter of law.

The last contention of trial error is that the evidence was insufficient to support the conviction. Our review of the record convinces us that what is referred to by defendant as inferences upon inferences actually involves circumstantial evidence. Convictions of even the gravest offenses can be founded on circumstantial evidence. *State v. White & Stewart,* 225 Kan. 87, 99, 587 P.2d 1259 (1978). We are convinced a rational factfinder could have found defendant guilty beyond a reasonable doubt. See *State v. Voiles,* 226 Kan. 469, 472-473, 601 P.2d 1121 (1979).

Affirmed.