(662 P.2d 269)

No. 53,948

No. 53,949

STATE OF KANSAS, *Appellee,* v. DARREL DEE MALEY, a/k/a "WHITEY," and FRANKLIN J. WITT, *Appellants.*

Opinion filed April 21, 1983.

*Michael Lerner,* of Barnett & Lerner, Chartered, of Overland Park, for appellants.

*Paul J. Morrison,* assistant district attorney, *Dennis W. Moore,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before PARKS, P.J., ABBOTT and REES, JJ.

REES, J.: Defendants Darrel Dee Maley and Franklin J. Witt were jointly tried and convicted of conspiracy to sell marijuana (K.S.A. 21-3302, K.S.A. 1982 Supp. 65-4127b[b][3], K.S.A. 1982 Supp. 65-4105[d][10]), conspiracy to sell cocaine (K.S.A. 21-3302, 65-4127a, K.S.A. 1982 Supp. 65-4107[b][4]), and possession of cocaine (K.S.A. 65-4127a, K.S.A. 1982 Supp. 65-4107[b][5]). Witt was additionally convicted of attempted possession of cocaine (K.S.A. 21-3301, 65-4127a, K.S.A. 1982 Supp. 65-4107[b][5]). They jointly appeal.

Evidence of the crimes was gained through interception of telephone conversations following issuance of wiretap authorization orders on April 5, 1981, and April 10, 1981. Defendants unsuccessfully moved for suppression of some of the intercepted conversations on the ground the April 10 order was founded on a deficient application for authorization to subsequently intercept conversations relating to cocaine and methaqualone crimes. The single issue raised is whether suppression was erroneously denied.

On April 5, 1981, the Johnson County District Attorney ap-

plied for and obtained a thirty-day court order authorizing interception of "conversations of" the defendants and six other named persons to occur over the telephone line assigned number 913-236-5404, located at Witt's residence, pertaining to the crimes of possession with intent to sell marijuana and sale of marijuana, and conspiracy to commit those crimes. The subject of the surveillance authorized to be conducted was marijuana crimes; the targets were defendants and the other named persons; the nature and location of the communication facility was the telephone line identified by number and address; and the duration was thirty days. Conversations of defendants with other persons and between themselves intercepted from April 5 through April 9 implicated defendants in both marijuana crimes and cocaine and methaqualone crimes.

On April 10, 1981, the district attorney applied for authority, pursuant to K.S.A. 22-2515(4) and (6), to use the intercepted conversations pertaining to cocaine and methaqualone crimes as evidence in any criminal proceeding. The application also asked that the April 5 order be amended to broaden its scope to authorize interception of conversations over the same telephone relating to the additional crimes of possession and sale of cocaine, sale of methaqualone, and conspiracy to commit those crimes. It was further asked that seven additional persons be named as surveillance targets. No request was made to extend the authorized surveillance expiration date beyond May 4, 1981, as provided in the April 5 order. The April 10 order, promptly issued after the filing of the application and an evidentiary hearing, granted the district attorney's requests.

The April 10 application was accompanied by and incorporated an affidavit by the requesting law enforcement officer that listed conversations of the defendants relating to cocaine and methaqualone crimes intercepted through April 9 as well as transcripts of several of those conversations. Both the application and the requesting officer's affidavit expressly incorporated by reference the April 5 application, the affidavit submitted in support of that application and the April 5 order.

Defendants find no fault in the April 5 application and order. They acknowledge that application and order complied with K.S.A. 22-2516 and were valid and lawful in all respects. Neither do they find fault with that part of the April 10 order authorizing,

under K.S.A. 22-2515(6), use of the previously intercepted conversations pertaining to cocaine and methaqualone crimes.

The premise of defendants' appellate argument is that the April 10 judicial authorization for subsequent interception of conversations pertaining to cocaine and methaqualone crimes had to be founded upon an application meeting the statutory form and content requirements specified in K.S.A. 22-2516(1)(a) - (e). They argue the April 10 amendment application and its supporting affidavit were deficient because incorporation by reference of the previous application, affidavit and order could not be utilized to meet those requirements. They also argue the amendment application failed to establish "new probable cause" necessary for the broader authorization. Based on these arguments, defendants say the conversations relating to cocaine and methaqualone crimes intercepted on and after April 10, 1981, were inadmissible evidence which should have been suppressed.

The Kansas eavesdropping statutes (K.S.A. 22-2514 *et seq.*) are patterned after the electronic surveillance statutes contained in Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (18 U.S.C. § 2510 *et seq.*). Title III provides the minimum standard against which state or federal interceptions and their use must be judged. *United States v. Marion*, 535 F.2d 697, 701-702 (2nd Cir. 1976). Federal case law in this area is generally treated as controlling authority. *State v. Willis*, 7 Kan. App. 2d 413, 643 P.2d 1112 (1982). Eavesdropping statutes are to be strictly construed. *United States v. Narducci*, 341 F. Supp. 1107, 1115 (E.D. Pa. 1972); *In re Olander*, 213 Kan. 282, 287, 515 P.2d 1211 (1973). An order authorizing surveillance by eavesdropping is a unique and specialized form of search warrant governed by K.S.A. 22-2514 *et seq.*, independent of our general search and seizure statutes (K.S.A. 22-2501 *et seq.*). *State v. Adams*, 2 Kan. App. 2d 135, 138, 576 P.2d 242, *rev. denied* 225 Kan. 845 (1978). The validity of a wiretap order turns upon the validity of the application. *United States v. Tortorello*, 480 F.2d 764, 781 (2d Cir. 1973).

Original orders (K.S.A. 22-2515[3] and [4]), retroactive orders (K.S.A. 22-2515[6]), and extension orders (K.S.A. 22-2516[5]) are distinguishable.

A retroactive order under K.S.A. 22-2515(6) merely declares

conversations, otherwise legally intercepted, relating to crimes not specified in the original order to be admissible as "windfall evidence." See *United States v. Denisio*, 360 F. Supp. 715, 719 (D. Md. 1973). The approval available under K.S.A. 22-2515(6) need be sought only if the windfall evidence or evidence derived therefrom is desired to be used as evidence in a criminal proceeding. *United States v. Johnson*, 539 F.2d 181, 187 (D.C. Cir. 1976); Carr, The Law of Electronic Surveillance § 5.09, p. 269 (1977). If approval is not obtained pursuant to K.S.A. 22-2515(6), windfall evidence and its derivative evidence is inadmissible in a criminal proceeding. *United States v. Marion*, 535 F.2d at 703; *State v. Kuchinsky*, 3 Kan. App. 2d 224, 226, 592 P.2d 144 (1979). When reading treatise and case authority, care must be taken inasmuch as retroactive orders under 18 U.S.C. § 2517 (5), the federal counterpart to K.S.A. 22-2515(6), sometimes are referred to as "retroactive amendments" or, more simply, "amendments."

An extension order under K.S.A. 22-2516(5) allows an uninterrupted continuation of the surveillance previously authorized in the original order. It is said no determination is implied or required concerning the lawfulness of the execution of the original order and that an extension order merely allows the eavesdropping to continue for the original purposes. Carr, The Law of Electronic Surveillance, p. 273. However, there are federal cases where a "renewal and amendment order" is accepted as implicitly serving both as a retroactive order and as a broadened authorization for future surveillance encompassing other criminal activity shown in the application and affidavits submitted in the request therefor. *United States v. Marion*, 535 F.2d at 702-703; *United States v. Tortorello*, 480 F.2d at 779-781, 783.

An application for an original order or an extension order must satisfy the requirements of K.S.A. 22-2516(1)(*a*) - (*e*). K.S.A. 22-2516(1); K.S.A. 22-2516(5). Those requirements are statutorily stated as follows:

"(1) Each application for an order authorizing the interception of a wire or oral communication shall be made in writing, upon oath or affirmation, to a judge of competent jurisdiction, and shall state the applicant's authority to make such application. Each application shall include the following information:

"(*a*) The identity of the prosecuting attorney making the application, and the identity of the investigative or law enforcement officer requesting such application to be made;

"(b) A full and complete statement of the facts and circumstances relied upon by the applicant to justify his or her belief that an order should be issued, including (i) details as to the particular offense that has been, is being or is about to be committed, (ii) a particular description of the nature and location of the facilities from which or the place where the communication is to be intercepted, (iii) a particular description of the type of communications sought to be intercepted, and (iv) the identity of the person, if known, committing the offense and whose communications are to be intercepted;

"(c) A full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous;

"(d) A statement of the period of time for which the interception is required to be maintained and, if the nature of the investigation is such that the authorization for interception should not automatically terminate when the described type of communication first has been obtained, a particular description of facts establishing probable cause to believe that additional communications of the same type will occur thereafter;

"(e) A full and complete statement of the facts known to the applicant concerning all previous applications made to any judge for authorization to intercept wire or oral communications involving any of the same persons, facilities or places specified in the application, and the action taken by the judge on each such application  . . . ."

For an original or extension order to be granted, K.S.A. 22-2516(3) requires that the judge determine that:

"(a) There is probable cause for belief that a person is committing, has committed or is about to commit a particular offense enumerated in subsection (1) of K.S.A. 22-2515;

"(b) There is probable cause for belief that particular communications concerning the offense will be obtained through such interception;

"(c) Normal investigative procedures have been tried and have failed, or reasonably appear to be unlikely to succeed if tried, or to be too dangerous; and

"(d) There is probable cause for belief that the facilities from which, or the place where, the wire or oral communications are to be intercepted are being used, or are about to be used, in connection with the commission of such offense, or are leased to, listed in the name of or commonly used by such person."

The only statutorily expressed requirement for an application for a retroactive order—judicial authorization or approval of the use of windfall evidence of the nature we have previously described—is that the application be made as soon as practicable subsequent to interception. See K.S.A. 22-2515(6).

K.S.A. 22-2514 *et seq.* do not expressly provide for a prospectively applicable amendment to an outstanding original or extension order.

The entirety of defendants' expression of their substantive argument is:

"Permission was requested [on April 10] to intercept a new set of conversations concerning a·new set of crimes from a new set of people. To obtain that authorization, State had to comply with K.S.A. 22-2516(1)(a) through [(e)] . . . .

"The cases mandate that if the State wants to listen to a [new set of conversations concerning a] new set of crimes not authorized by the initial valid Order being committed by a new set of people not mentioned therein, the State is going to have to obtain new probable cause. Thus, the State could not go back and incorporate a prior Order or Affidavit by reference because the prior Order is insufficient to give probable cause to intercept conversations involving crimes of people not mentioned in that particular Order. So, when the Judge allowed law enforcement agents to continue listening to conversations involving crimes of people not mentioned in the valid Order of April 5th, he in fact granted a new Application which did not comply with the requirements of Kansas statutes since the numerous paragraphs and required recitations were omitted from the April 10th application."

· Unfortunately for the defendants, none of the authorities they cite support their mandate claim. *United States v. Marion*, 535 F.2d 697 (in any grand jury or criminal proceedings 18 U.S.C. § 2517 [5] requirement for subsequent judicial approval of use of windfall evidence equally applicable to state-authorized intercepts; application for and grant of extension order held to have provided retroactive approval of windfall evidence under *United States v. Tortorello*, 480 F.2d 764, rationale of implicit retroactive authorization); *United States v. Kirk*, 534 F.2d 1262, 1273-1275 (8th Cir. 1976) (application and supporting affidavit held sufficient to support original order); *United States v. Brodson*, 528 F.2d 214 (7th Cir. 1975) (indictment dismissed where grand jury given windfall evidence without prior application for issuance of retroactive order); *United States v. Cirillo*, 499 F.2d 872, 878-880 (2nd Cir. 1974) (omission of K.S.A. 22-2516[5]-type minimization directive a "technical defect" overlooked where execution of surveillance conducted according to statutory minimization requirements); *United States v. Ceraso*, 467 F.2d 647, 653 (3d Cir. 1972) (supplementation of application with subsequent affidavits). Also unfortunately, the brief filed on behalf of the State by the Attorney General and the District Attorney fails to refute defendants' contention by reference to case, statutory, or treatise authority, or by reasoned argument on the point in issue. Their brief relies solely on case authority concerning retroactive judicial approval of the testimonial use of previously intercepted windfall evidence, a subject not at issue in this appeal.

By the language of the April 10 order, authorization was granted for the future interception of "communications . . . of" the defendants, 13 other named persons "and others yet unknown." As previously mentioned, the April 5 order authorized interception of "conversations of" the defendants and 6 other named persons. Since no contrary showing appears in the record on appeal or briefs, we must assume defendants complain of the admission into evidence of intercepted conversations of defendants with others or between themselves.

Under the April 10 order, the defendants continued to be identified targets and, making the foregoing assumption as to the parties to the challenged conversations, the change in identified target persons did not affect the defendants' position with respect to the question of the lawfulness of the interception of the conversations. Insofar as these appealing defendants are concerned there was no change in the person or individual and no change in the telephone or premises.

We conclude the only question now available to these defendants concerns the change of the April 5 order by the April 10 order effecting authorization to intercept defendants' conversations pertaining to cocaine and methaqualone crimes in addition to their conversations pertaining to marijuana crimes. This is a change in the "crime."

The application before us for review was for an order effecting what has been called a "mid-warrant amendment." Fishman, Wiretapping and Eavesdropping § 164 (1982 Supp.). The parties have referred us to and we have found no case authority directly addressing the requirements for applications and orders of that sort. Cases where retroactive approval or authorization was effected incident to and as a part of an extension order are the nearest in point. Of these, the case factually closest to this case appears to be *Salzman v. State,* 49 Md. App. 25, 35-36, 430 A.2d 847 (1981). In it we find:

"Furthermore, the two Baltimore County extension affidavits incorporated by reference the original application's affidavit. . . . [E]ven if they would be defective standing alone, electronic surveillance applications incorporating a previously valid application and affidavit for wiretapping the *same individuals* at the *same location,* are deemed to comply with § 10-408 (a)(3) [Maryland counterpart to K.S.A. 22-2516(1)(c)] when all the circumstances requiring the first wiretap are clearly present with respect to the second."

In light of that statement, recognizing judicial acceptance if

not forthright approval of incorporation of affidavits in original and extension orders (*United States v. Marion,* 535 F.2d at 705; *United States v. Tortorello,* 480 F.2d at 781, 782-783) and recognizing incorporation of documents and statements in other pleadings, as authorized by K.S.A. 60-210(*c*), is accepted practice in this state, we fail to find reversible error in this case arising out of the incorporation into the April 10 application and affidavit of the April 5 application, affidavit and order. See also *Ward v. State,* 40 Md. App. 410, 413, 392 A.2d 559 (1978); but compare *Calhoun v. State,* 34 Md. App. 365, 376, 367 A.2d 40 (1977). Certainly, defendants have failed to sustain their burden to affirmatively establish such error. See *First Nat'l Bank & Trust Co. v. Lygrisse,* 231 Kan. 595, 602, 647 P.2d 1268 (1982); *Hartman v. Stumbo,* 195 Kan. 634, 637, 408 P.2d 693 (1965).

K.S.A. 22-2516(3) may be said to call for three judicial findings of probable cause—with regard to the crime, the individual and the telephone or premises. There being no claim that the matters submitted by incorporation were stale information or faulty in any other respect and having refused to find reversible error on defendants' incorporation argument, we simply are unable to review defendants' lack of new probable cause argument in the absence of some sort of particularized exposition by them of claimed shortcoming. What "new probable cause" was not demonstrated by the documents and evidence presented on April 10? They do not say.

In sum, on the facts of this case and the contentions made in the trial court and on appeal, we conclude there was no reversible error in the refusal to suppress.

Affirmed.